Good morning, your honors. Jan Norman on behalf of the appellate petitioner, Freddie Curiel. This case involves the question of statutory and equitable tolling. The key issue to the statutory tolling argument is precisely what does the California Supreme Court mean when it denies a petition and cites Dan Ray Swain? Is this a denial as untimely or is this a denial for failure to allege facts with sufficient particularity, which I will now just refer to as insufficient facts? Counsel, isn't there a third possibility here? That is that the petition was clearly untimely, but in California you are offered an opportunity to explain that, and therefore what the failure here in citing Swain was, he failed to explain why his petition was untimely. Well, your honor, I don't believe so in the sense that what they did do, they did not, as they had done in Swain itself, set it back and said it would leave to amend. They did not give him the opportunity, as they did in Swain, to re-plead the facts with sufficient... And Swain involved in a claim of untimeliness? Well, it involved in Swain, the court both said it was untimely because he had failed to explain why it was so late and that it had failed to plead sufficient facts.  You've portrayed Swain as being either one or the other, and I'm not sure why it has to be one or the other. It seems to me that there is a third explanation here, which is, again, in California, if your petition is untimely, you can offer an explanation to excuse its untimeliness. And he didn't even do that here. And so citing Swain might be perfectly consistent with agreeing that it's untimely, and it's both untimely and unexplained. Well, Your Honor, at that point, the court did not indicate in this case, as they did in Swain, that he could then go back and amend it. Well, it was now his third shot. I mean, he had been to three courts. Well, in Swain, he had also been to three courts, and the court went ahead and said that it basically treated it as a demur. And the cases, the Ninth Circuit cases, have interpreted Swain, and they consistently interpreted it as a demur. Now, as the appellant, we've cited DeCrosse and Teregos, and in both of those cases, this court found that Swain was not a time bomb. Now, my opponent, the Attorney's General Office, has said that you can distinguish both of those cases. That DeCrosse is distinguishable because the original State Superior Court case said, denied on insufficiency of the facts. And in DeGaris, even though the Superior Court denied it both on Swain and Duvall, the Supreme Court had ordered an informal response. So the court inferred from that that the citation to Swain was not a time bomb. Now, Counsel, what about the Superior Court here? Did it not hold that the filing was untimely? Yes, Your Honor. Well, can't we take that into consideration when we try to interpret what the Supreme Court did? Certainly, you have to take into interpretation what the Superior Court said. But the Superior Court said it was untimely, and they also did a denial on the merits. If the California Supreme Court wanted to say that it was denying it as untimely, then it simply could have cited In re Clark or In re Robbins. And if you look at the case law in the Ninth Circuit, even in most recent, as in May of this year, in the amended opinion in Stewart v. Cate, they say the same thing. There's a reference in that case in footnote 9, which says the California Supreme Court, when it wants to say something is untimely, cites to Robbins and also cites to Clark. So there was a way that the court could have made it clear what it wanted to do. And in this case, we don't have the guidance from the Superior Court, because on the one hand, they say it's untimely. The other hand, they say insufficient facts. Then we get up to the California Supreme Court. They cite Swain and Duval. But they don't say it's untimely. They don't cite Robbins. They don't cite Clark. And so this case falls somewhere in between. We've got both of the underlying court says both, and the Supreme Court says that it is Swain. And one issue is, okay, if they didn't mean that Swain was untimely, why did they cite it at all? Why did they just cite Duval? Well, the point on this is that the answer to this is in the Cross case, they cited both Swain and Duval. And still, if Swain is a timeliness issue, why did they cite it in both Swain and Cross? And the court concluded that it wasn't a timeliness issue. I think at the end of the process that it comes down to the fact that the California Supreme Court has not given us guidance. That's exactly what they meant when they cited In Re Swain. We've been asking the Supreme Court of California for guidance for years, and they still have not come through, have they? Yes, and if they would give us guidance, we would probably save the state a lot of money because we wouldn't be having to have all of these arguments. But at the end of the analysis, I think we look to Evans v. Chavez. And Evans v. Chavez says, absent clear indication, we look to whether or not it was held as untimely. We look at the time lapses in filing the particular petitions. And in this case, there can be no question that the petitioner filed them in a diligent manner. There was nine weeks from the time he got his files. Then there was less than a month between the denials at each stage. So between the denial in the Superior Court and up to the Court of Appeal was less than a month. From the Court of Appeal to the California Supreme Court was less than a month. No, you're still on the statutory argument, not arguing equitable yet. That's right. Okay. And then finally it was only 18 days after the California Supreme Court denied it that he filed his federal pages. Now, I'm going to be running out of time. I'll get my mouth to work here. I'd like to briefly address the equitable tolling, and I'd also like to reserve whatever time I have left for rebuttal. But the argument against the equitable tolling that seems to be consistently cited and certainly cited by the Attorney General's Office is that he couldn't – why didn't he just file the federal habeas in a timely manner and request a stay in advance under rhymes? The answer to that is that would not have solved – that would have been a useless step at the point in the proceedings. He had had the untimeliness denial and the on-the-merits denial by the Superior Court. If that were affirmed by the Court of Appeal and affirmed by the California Supreme Court, there was nothing for him to reserve in terms of a right to federal appeal. The whole game would have been over. Even if he had filed a federal habeas within the one-year statute of limitations, it would have been denied on the grounds that the California courts found it untimely. So there's no – unless he gets a ruling from the California Supreme Court, as I believe he did, that said – that denied it on the insufficient facts, then he had no other remedy. And so under those circumstances, it was reasonable for him to proceed in the manner that he did and therefore should have either equitable tolling for that time period – and the other issue, obviously, with equitable tolling is the fact that his attorney didn't send him the files. And that's, I think – Counselor, you're down to one minute in case you want to reserve. Okay, so I want to just stop talking so I can say more. Very well. We'll hear from the State. Good morning, Your Honor. May it please the Court. I'm Kevin Viena, California Deputy Attorney General, on behalf of Respondent in this matter. The first thing I'd like to point out to the Court is the question on equitable tolling has been decided by another panel of this Court, albeit in an unpublished decision. We noted after we filed our brief – or when we filed our brief that there was a companion case or a case pending before this Court with the same issue before it, but that it had not – and briefing was completed, but a decision had not occurred. That decision did occur. The case is, as we indicated, Juan Flores v. Matthew Cate, case number 10-55788. Counsel, did you submit a 28-J letter on that? We did not, Your Honor, and I apologize for that. I didn't realize this until yesterday, but we did refer to it, and I have spoken with Ms. Norman about it. Well, while you're in the courtroom, leave a little memorandum, which the Deputy Clerk can give you, to give us the sites, three copies for the bench, and serve your opponent. Very well, Your Honor. It is – I would point out that it is, of course, not binding precedent by any way, and there was a dissent in that case by Judge Watford. Still, we think – we refer to it because we think the approach is correct, and that is because in this case, unlike other cases that have involved published decisions by this Court, it is not at all clear. In fact, it's not true that the California Supreme Court overturned the earlier decisions of the lower courts with a citation to Swain and Duvall. So are you conceding that the California Supreme Court did not implicitly adopt the lower court's rulings of untimeliness? I'm not conceding that, but I am arguing – I would argue forcefully that they didn't overturn them, and that answers – that resolves the question about statutory tolling and renders this untimely. I believe – I believe that as we have briefed that Swain is, although it hasn't been recognized correctly, Swain is clearly a reference to untimeliness, and – The problem is that there was not just a reference to Swain. So what do you make of that, the fact that there were – there was reference to two cases there? I think that reinforces the interpretation that the reference to Swain had to do with timeliness for a couple of reasons. The first is this. Duvall – Swain was decided in the late 1940s. Duvall was decided in the early 1990s. And Duvall makes clear that it was a modernizing habeas corpus law in the state of California. Duvall states quite clearly – I mean, I think the central purpose of Duvall is to say that claims that – or one of the central purposes is that claims that fail to state a prima facie case will be examined by California courts, and if they determine there's no prima facie case, they will not issue an order to show cause. They will deny that claim on the merits. So Swain completely covers the alternative portions of – I mean, Duvall completely covers the alternative portions of Swain. Swain said failure to state a claim with particularity and failure to explain substantial delay. Duvall subsumes the particularity portion of Swain. And so there is no need to cite to Swain as well as Duvall if all you're talking about is the merits of the claim. But isn't it true that generally when it's a timeliness issue that the court cites to Henry Robbins? I would agree that I see that more frequently. I wouldn't say that that's exclusive. And as we pointed out in our brief on – I think it's our brief at page 16 – there are references in both Robbins and in Clark that say those cases that their rules on timeliness derive from the decision in Swain. Robbins makes it quite clear that Swain is the preexisting case that talks about timeliness and the requirements of timeliness. So if we were to disagree with you about whether or not those citations were for timeliness, where would that leave you in terms of your argument on statutory tolling? Well, once again, I think there are sort of two ways to look at that. The way I think the court should look at it, if you disagree that the Supreme Court found it to be untimely, you should certainly agree, as the court decided in Flores, that there was no overturning of the timeliness determination of the two lower state courts. And if there's no statutory tolling during the pendency of those two state court petitions, then this case, as the district court found, is untimely. That is, even if he gets statutory tolling for the time that the petition was pending in the California Supreme Court, he's still untimely by about two weeks. The alternative, if you were to find that the California Supreme Court's decision did, in fact, overturn the two lower courts, and I urge you not to, but if you did, then we would agree that the petition is timely. In which case you then have to deal with the equitable tolling issue, do you not? I think I have to deal with the equitable tolling issue, Your Honor, because I believe our brief has demonstrated that there isn't sufficient statutory tolling to render his petition timely. The equitable tolling issue is, once again, I think we covered it in our brief, but it is essentially this. The delays and the difficulties to which Mr. Curiel refers as standing in his way did not, at the end, stand in his way and prevent him from filing a timely petition. That is, he had those materials, and I would say it's not even clear that he needed those materials to file his state and federal petition, but in any event, he had them nine months before the federal statute of limitations expired. He was placed on notice several months before the federal statute of limitations expired, placed on notice that the state courts might well see it as untimely, and he might not get statutory tolling while he sought to exhaust his claims. The United States Supreme Court explained in pace that when that circumstance is presented to a habeas corpus petitioner, his remedy is to file a protective petition in the federal court, and Mr. Curiel did not do that. Anything further? No, Your Honor. Thank you, counsel. Ms. Norman, you have some reserved time. Very quickly, Your Honor. I disagree with opposing counsel that in Flores v. Cate, which is the unpublished opinion that he referred to, that the court held that the California Supreme Court did not overrule the lower court opinion. It basically says that what happened is that the superior court denied it as untimely, period. They didn't say also on the merits. So then when it got up to the Ninth Circuit, the Ninth Circuit said, well, we're going to look back, and they said it was untimely, and then I was citing to Swain and Duvall, and since it's ambiguous, we're going to follow it. It has to be because of the untimely, but I don't think there was any finding that the California Supreme Court did not overrule the lower court's position. Our position is when the California Supreme Court said we're denying it because it wasn't sufficient facts, that clearly overrules the superior court finding that it was untimely. Well, the fact that you've got the alternative finding here by the superior court, I agree, is a little troubling. It certainly gives you a lot more room to work. In Flores, if there was no alternative finding, then on what basis was the California Supreme Court denying it and citing Swain? In other words, if the lower courts had said it was untimely, and the Supreme Court only issues the one-sentence denial and cites Swain, are we all of a sudden supposed to think that because they cited Swain that somehow the California Supreme Court reached the merits? Well, Your Honor, I believe if you look at the language of this opinion, it says a citation to Swain may indicate that a state habeas petition is untimely. Right, citing Shoffer. Yeah, but then it goes on to say we haven't said it's conclusive. So I think at that point it's ambiguous. So they look back to the lower court decision and they say we can't tell. But what this does tell us is that the California Supreme Court cites Swain sometimes when it wishes to affirm a finding of untimeliness because that's the only basis that was given by any court. Well, I would actually disagree, Your Honor, with the finding in this unpublished opinion, but nevertheless there is a distinction. They did not, the lower court did not, and I have no explanation for why. You're right. You have that to work with here. But it does tend to indicate that I think it's very difficult to get out of flores that the California Supreme Court cited Swain for some purpose other than to say, yeah, we agree with the lower court here that this petition is untimely and they failed to explain it. Well, I would interpret the court's citation to Swain and Duvall. The Attorney General says it's because somehow Swain was changed. I disagree. Often what you see in courts is they'll cite to an older case for that principle as well as a newer case, which is, I think, exactly what happened. Thank you very much, counsel. Your time has expired. The case just argued will be submitted for decision, and we will hear argument next in Bank of Manhattan versus the Federal Deposit Insurance Corporation.
judges: O'SCANNLAIN, RAWLINSON, BYBEE